José González Clemente & Co., Plaintiff and Appellee, v. Felipe Torres et al., Defendants and Appellants.

No. 5286. Argued December 18, 1930.—Decided January 16, 1931.

*R. Atiles Moreu* for appellant Noriega.  *José Sabater* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

It appears from the record in the present case that an action of debt was prosecuted in the Municipal Court of Mayagüez by José González Clemente & Co. against Felipe Torres, Arbona Hermanos Succrs. and Cándido Noriega, and that the court found against the defendants, who were adjudged to pay to the plaintiff the sum of four hundred and fifty dollars together with legal interest thereon and the costs. The judgment was rendered on November 30, 1929.

The defendant, Cándido Noriega, was represented in this action by attorney Erasto Arjona Siaca, who on November 29, 1929, filed a motion stating that he had been suspended as a practicing attorney and could not represent the defendant, and prayed for a postponement of the trial, which had been set for the 30th of the said month, and that Noriega be notified so that he might appoint an attorney to represent him. There is no showing of any decision on that motion.

It also appears from the record that Cándido Noriega filed a notice of appeal from the judgment dated in Ponce on November 9, 1929, together with an affidavit from attorney Atiles Moreu to the effect that the said attorney on December 9, 1930, deposited in the post office at Ponce, in a registered envelope with prepaid postage thereon, a copy of the notice of appeal directed to attorney Sabater, counsel for plaintiff, at his office in Mayagüez. The appeal appears to have been filed under date of December 11, 1929.

The plaintiff-appellee moved the District Court of Mayagüez to dismiss the appeal on the ground that it had not been timely taken and because the other defendants in the action had not been served with notice thereof. The appellant opposed the motion, which was heard together with the evidence. Important elements of such evidence are, besides

the record and its contents, the testimony of Atiles Moreu, that of the clerk of the Municipal Court of Mayagüez, and that of the postmaster of Mayagüez. Attorney Atiles Moreu testified that he had, on December 9, 1929, deposited in the Ponce post office two envelopes duly registered and addressed, one to the clerk of the Municipal Court of Ponce enclosing the notice of appeal in the present case and a two-dollar internal revenue stamp, and the other to attorney José Sabater, at Mayagüez, enclosing a copy of the said notice. The postmaster of Mayagüez caused a record of the registered mail from Ponce and corresponding to December 9, 1929, brought into court and with such record before him, Hipólito Biaggi, a post-office clerk in charge of registered mail, testified that the registered document in question, addressed to the clerk of the Municipal Court of Mayagüez, was received in his office on December 10, 1929, by the 10.30 a.m. mail and that it was delivered on the 11th of the same month. The clerk of the Municipal Court of Mayagüez testified that at 8.30 a.m. on December 10, 1929, he went to the post office and took out the mail; that the notice of appeal was received by him on the morning of December 11, 1929, and that he filed it and attached it to the record on the same day.

It appears from the record that the judgment had been notified to Felipe Torres, Arbona Hermanos, and to Cándido Noriega through his attorney Erasto Arjona Siaca, of Ponce.

The District Court of Mayagüez granted the motion of the appellee on the ground that the notice of appeal had been filed one day after the expiration of the time thereof. From this decision Cándido Noriega has appealed to us.

There is no doubt that for the purpose of the filing of the notice of appeal with the clerk of the court, the date that governs is that of its receipt by that officer and not that of its mailing. The decision of this court in *Delgado et al.* v. *Hutchison,* 20 P.R.R. 452, is perfectly clear and conclusive, as is likewise that rendered in *Alvarez* v. *Successors of C. & J. Fantauzzi,* 27 P.R.R. 488.

To put off the filing of a notice of appeal until the day before the expiration of the term and to expect that the clerk of the court will fetch it from the post office, is somewhat risky and outside the protection of the law. The clerk is an officer of the court and it is not his duty to go to the post office to get registered mail from litigating parties. The latter have available, even within the postal service, means quite safe and speedy for delivering their writings into the hands of an officer, without the latter having to go and get them.

But another question is raised here. It is claimed that attorney Erasto Arjona Siaca had been suspended as a practising attorney and that this fact was judicially known, because a judgment of this court was involved. Perhaps this may be so. But let us look into that argument carefully.

Attorney Erasto Arjona Siaca was suspended as a practicing attorney on November 7, 1929. The action referred to in this appeal was tried in the Municipal Court of Mayagüez on November 30, 1929. And from the 7th to the 30th of November it did not occur to the party concerned, if he meant to appeal, to find and appoint another attorney within the time prescribed for taking such appeal. But, irrespective of any other consideration, it is clear that, if the service was not made on Noriega but on the attorney who appeared of record, such defect has been cured by the fact that Noriega took an appeal from the judgment; which appeal implied notice and acknowledgment of such judgment.

The order appealed from must be affirmed.